# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

| | |
|---|---|
| DUANE YATES,<br><br>      Plaintiff,<br><br>vs.<br><br>TIM SCHERLE,<br><br>      Defendant. | No. C16-3087-LRR<br><br>ORDER |

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 2). The plaintiff filed such application on July 26, 2016. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint (docket no. 1), an application to appoint counsel (docket no. 3), a motion for jury trial (docket no. 4) and a motion to serve the defendant (docket no. 5).

## *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

The plaintiff did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. 28 U.S.C. § 1915(a)(2). Based on the plaintiff's statements, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915.

A prisoner bringing a civil action in forma pauperis is required to pay the full $350.00 filing fee. 28 U.S.C. § 1915(b)(1). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Because the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.").

Concerning the computation of the initial partial filing fee, the plaintiff is required to submit 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). The plaintiff states in his application to proceed in forma pauperis that he submitted a "statement of his inmate account," but the record does not include a certified copy of the trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. Nonetheless, because the plaintiff maintains that he has no funds to proceed in any way, the court finds that the plaintiff is unable to submit an initial partial filing fee. *Id*. The plaintiff, however, shall be directed to "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the

> clerk of the court each time the amount in the account exceeds
> $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. APPOINTMENT OF COUNSEL

Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court has the ability to appoint an attorney in a civil case, it is not required to do so. *See Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *see also Taylor v. Dickel*, 293 F.3d 427, 428 (8th Cir. 2002) (discussing 28 U.S.C. § 1915(e)(1)); *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case). Given the record in this action, the court finds that the assistance of counsel is not warranted. Accordingly, the plaintiff's application to appoint counsel shall be denied.

## III. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous"

if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g.*, *Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

## IV. CLAIM ASSERTED

Currently confined at the Iowa State Penitentiary in Fort Madison, Iowa, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to his attorney's representation during post-conviction relief proceedings in the state courts of Iowa. Jurisdiction appears to be predicated on 28 U.S.C. § 1331 and/or 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the events giving rise to the instant action occurred in this district and the defendant is located in this district.

The statement of claim portion of the complaint indicates that the plaintiff believes appointed counsel committed legal malpractice. The plaintiff maintains that the defendant failed to pursue post-conviction relief on his behalf and failed to raise meritorious post-conviction issues. *See generally State v. Yates*, 871 N.W.2d 521 (Iowa Ct. App. 2015); *Yates v. State*, 859 N.W.2d 672 (Iowa Ct. App. 2014); *State v. Yates*, 852 N.W.2d 522 (Iowa Ct. App. 2014); *Yates v. State*, 2009 Iowa App. LEXIS 1462 (Iowa Ct. App. Sept. 17, 2009); *State v. Yates*, 2005 Iowa App. LEXIS 126 (Iowa Ct. App. Feb. 24, 2005); *State v. Yates*, 2003 Iowa App. LEXIS 1001 (Iowa Ct. App. Nov. 17, 2003). He also maintains that he obtained some post-conviction relief but he is unable to obtain additional

post-conviction relief from his conviction as a result of appointed counsel's representation. As relief, the plaintiff states that he wants compensatory damages in the amount of $50,000,000.00, punitive damages in the amount of $100,000,000.00, attorney fees, court fees, the amount of his restitution to be paid and all of his expenses to be reimbursed.

## V. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the

5

violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Plaintiff's Claim

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. The applicable statute of limitations is the period governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005) (reaffirming that the statute of limitations for a 42 U.S.C. § 1983 claim is generally the applicable state-law period for personal-injury torts); *Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's personal injury statute of limitations to actions brought under 42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). While Iowa's statute of limitations for personal injury tort claims determines the length of the statute of limitations for a 42 U.S.C. § 1983 action, "federal rules conforming in general to common-law tort principles" govern when the cause of action accrues and the statute of limitations begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A cause of action accrues "when the plaintiff has 'a complete and present cause of action,' . . . that is, when 'the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). In *Wallace*, the Supreme Court found:

> "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991) (footnote omitted); *see also* 54 C.J.S., Limitations of Actions § 112, p. 150 (2005).

6

*Id.* at 391 (alteration in original). So, under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the harm. *See Hall v. Elrod*, 399 F. App'x 136, 137 (8th Cir. 2010) (citing *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007), for the proposition that a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action); *cf. Richmond v. Clinton Cty.*, 338 F.3d 844, 847 (8th Cir. 2003) (discussing accrual rule under state law). The plaintiff did not file the instant complaint in a timely manner. The plaintiff obtained some post-conviction relief in November of 2012, but he waited until July 26, 2016 to file his civil rights action. Accordingly, the applicable statute of limitations bars the plaintiff's claim. *See White v. Kautzky*, 494 F.3d 677, 681 (8th Cir. 2007) (applying Iowa's two-year statute of limitation); *Myers*, 960 F.2d at 751 (concluding that a district court may dismiss an action if an affirmative defense exists, that is, the applicable statute of limitations has run).

Further, the defendant is not subject to suit. A private attorney, even when appointed by the court, ordinarily does not act under color of state law for purposes of filing an action under 42 U.S.C. § 1983, *see Lemmons v. Law Firm of Morris & Morris*, 39 F.3d 264, 266 (10th Cir. 1994), or as a federal agent for purposes of filing a *Bivens* action, *see Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984). Stated differently, a federal suit generally does not arise for actions that an attorney (privately retained, court-appointed or defender of the public) takes during the course of representing a criminal defendant. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988); *Haley*, 751 F.2d at 285. Consequently, the defendant's purely private actions afford no basis for federal jurisdiction and the plaintiff's claim, if any, against the

defendant cannot be asserted in this forum. Accordingly, the plaintiff's action against the defendant shall be dismissed for failing to state a claim upon which relief can be granted.[1]

## VI. CONCLUSION

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A(b)(1), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g). The motion for jury trial and motion to serve the defendant shall be denied as moot.

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 2) is granted.

(2) The plaintiff is directed to submit make monthly payments of 20 percent of the preceding month's income credited to his account at the prison.

(3) The institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until

---

[1] The court notes that, in the absence of federal jurisdiction, a plaintiff's state law malpractice claim must be brought in the state courts of Iowa. Concerning the plaintiff's legal malpractice claim, the court notes that, in order to establish a prima facie claim of legal malpractice, a plaintiff must produce substantial evidence that shows: "(1) the existence of an attorney-client relationship giving rise to a duty; (2) the attorney, either by an act or failure to act, violated or breached that duty; (3) the attorney's breach of duty proximately caused injury to the client; and (4) the client sustained actual injury, loss, or damage. *Ruden v. Jenk*, 543 N.W.2d 605, 610 (Iowa 1996) (citing *Vande Kop v. McGill*, 528 N.W.2d 609, 611 (Iowa 1995)); *see also Huber v. Watson*, 568 N.W.2d 787, 790 (Iowa 1997) (outlining elements of legal malpractice claim) (citing *Dessel v. Dessel*, 431 N.W.2d 359, 361 (Iowa 1988); *Schmitz v. Crotty*, 528 N.W.2d 112, 115 (Iowa 1995) (same). And, "a claim for legal malpractice in the criminal context . . . does not accrue until relief from a conviction is achieved." *Trobaugh v. Sondag*, 668 N.W.2d 577, 583 (Iowa 2003); *accord Barker v. Capotosto*, 875 N.W.2d 157, 161 (Iowa 2016).

the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(4) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(5) The plaintiff's application to appoint counsel (docket no. 3) is denied.

(6) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to pursuant to 28 U.S.C. 1915A(b)(1) and/or 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

(8) The clerk's office is directed to enter judgment in favor of the defendant.

(9) The plaintiff's motion for jury trial (docket no. 4) and a motion to serve the defendant (docket no. 5) are denied as moot.

**DATED** this 22nd day of August, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:    **WARDEN/ADMINISTRATOR**
        Iowa State Penitentiary, Fort Madison, Iowa

## NOTICE OF COLLECTION OF FILING FEE

      You are hereby given notice that Duane Yates, #1030181, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Yates v. Scherle*, Case No. C16-3087-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the information that the inmate provided, the court has not assessed an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). Nonetheless,

> the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

      Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

                                                                                                                                                                  _K Jorgensen_ Deputy Clerk

                                                                     Robert L. Phelps
                                                                       U.S. District Court Clerk
                                                                       Northern District of Iowa