IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DUANE YATES, <br><br> Plaintiff, <br><br> vs. <br><br> TIM SCHERLE, <br><br> Defendant. | No. C16-3087-LRR <br><br> ORDER |

This matter is before the court on the plaintiff's motion for the court to intercede (docket no. 8), filed on September 6, 2016, motion to appeal in forma pauperis (docket no. 9), filed on September 30, 2016, and motion to appoint appellate counsel (docket no. 11), filed on September 30, 2016.

The court previously granted the plaintiff in forma pauperis status, and it is appropriate to allow the plaintiff to proceed on appeal in forma pauperis. *See* Fed. R. App. P. 24. Accordingly, the plaintiff's application to appeal in forma pauperis is granted. Pursuant to the procedure set forth by the Eighth Circuit Court of Appeals in *Henderson v. Norris*, 129 F.3d 481 (8th Cir. 1997), the plaintiff is liable for the $505.00 appeal fees upon the filing of his notice of appeal. *Henderson*, 129 F.3d at 484; *see also* 28 U.S.C. § 1914(b) (directing Clerk of Court to collect "additional fees only as are prescribed by the Judicial Conference of the United States"). Given the record, the plaintiff is assessed an initial appellate partial fee of $5.00, which he is directed to submit immediately to the clerk's office. *Henderson*, 129 F.3d at 484-85; *see also* 28 U.S.C. § 1915(b)(1). In addition, the plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $505.00 appeal fees are paid in full. 28 U.S.C. § 1915(b)(2). The agency having custody of the plaintiff is

directed to forward payments from his inmate account to the clerk's office each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).

The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

Regarding the plaintiff's motion for the court to intercede and motion to appoint appellate counsel, there is no basis for the court to intercede in the administration of prison affairs or appoint appellate counsel in light of the court's resolution of the merits of the plaintiff's action. The court stands by its prior conclusion that appointment of counsel is not warranted because the plaintiff's action failed to state a claim upon which relief could be granted or raised frivolous issues. Accordingly, the motion for the court to intercede and motion to appoint appellate counsel are denied. The plaintiff may resubmit his request for appointment of appellate counsel at the Eighth Circuit Court of Appeals if he deems that course to be appropriate.

The clerk's office is directed to forward this matter to the Eighth Circuit Court of Appeals for further disposition.

**IT IS SO ORDERED.**
**DATED** this 3rd day of October, 2016.

_____
JON STUART SCOLES
Chief Magistrate Judge
UNITED STATES DISTRICT COURT